**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

MICHAEL LEIDIG and CENTRAL EUROPEAN
NEWS LTD,

                          Plaintiffs,

                     -against-

BUZZFEED, INC.,

                         Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

No:  1:16-cv-00542

ECF Case

**ANSWER TO COMPLAINT**

      Defendant BuzzFeed, Inc. ("BuzzFeed"), by and through its attorneys, Levine Sullivan Koch & Schulz LLP, answers the within complaint (the "Complaint") of Plaintiffs Michael Leidig ("Leidig") and Central European News Ltd. ("CEN" and, together, "Defendants") as follows:

      1.      Respectfully refers this Court to the article and headline at the URL http://www.buzzfeed.com/alanwhite/central-european-news#.xrrRRP9nQ (the "Article") for its true content and meaning, admits that the Article was published on April 24, 2015, but except as so referred and admitted, denies each and every remaining allegation contained in Paragraph "1" of the Complaint.

      2.      Respectfully refers this Court to the Article for its true content and meaning, but except as so referred, denies each and every remaining allegation contained in Paragraph "2" of the Complaint.

3.      Respectfully refers this Court to the Article for its true content and meaning, but except as so referred, denies each and every remaining allegation contained in Paragraph "3" of the Complaint.

4.      Denies each and every allegation contained in Paragraph "4" of the Complaint.

5.      Denies each and every allegation contained in Paragraph "5" of the Complaint.

6.      Denies each and every allegation contained in Paragraph "6" of the Complaint.

7.      Respectfully refers this Court to the Article for its true content and meaning, but except as so referred, denies each and every remaining allegation contained in Paragraph "7" of the Complaint.

8.      Respectfully refers this Court to the Article for its true content and meaning, but except as so referred, denies each and every remaining allegation contained in Paragraph "8" of the Complaint.

9.      Denies each and every allegation contained in Paragraph "9" of the Complaint.

10.      Denies each and every allegation contained in Paragraph "10" of the Complaint.

11.      Denies each and every allegation contained in Paragraph "11" of the Complaint.

12.      Denies each and every allegation contained in Paragraph "12" of the Complaint.

13.      Denies each and every allegation contained in Paragraph "13" of the Complaint.

**THE PARTIES**

14.      Admits, on information and belief, the allegations contained in Paragraph "14" of the Complaint.

15.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "15" of the Complaint.

16.      Admits the allegations contained in Paragraph "16" of the Complaint.

## JURISDICTION AND VENUE

17.     Admits that Plaintiffs purport that this Court has jurisdiction over this action pursuant to 28 U.S.C. 1332(a)(2) because Plaintiffs purport to be citizens of Great Britain, BuzzFeed is a citizen of New York and because Defendants purport that the amount in controversy exceeds $75,000.

18.     Admits the allegations contained in Paragraph "18" of the Complaint.

## FACTS

19.     Admits that BuzzFeed is a news and entertainment website that mixes original reporting and user generated content, but except as so admitted, denies each and every remaining allegation contained in Paragraph "19" of the Complaint.

20.     Admits the allegations contained in Paragraph "20" of the Complaint.

21.     Denies the allegations contained in Paragraph "21" of the Complaint.

22.     Admits that Leidig is a journalist who has had stories published in the media and who has represented himself as having done investigative stories and, except as so admitted, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "22" of the Complaint.

23.     Admits that CEN agency holds itself out as a news agency founded by Leidig in 1995, but except as so admitted, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "23" of the Complaint.

## DEFENDANT'S PUBLICATION

24.     Admits that Alan White is one of three bylined authors of the Article; but except as so admitted, denies each and every remaining allegation contained in Paragraph "24" of the Complaint.

25.    Respectfully refers this Court to the e-mail quoted in Paragraph "25" of the Complaint for its true content and meaning; but except as so referred, denies each and every remaining allegation contained in Paragraph "25" of the Complaint.

26.    Denies each and every allegation contained in Paragraph "26" of the Complaint.

27.    Respectfully refers this Court to the Article for its true content and meaning, but except as so referred, denies each and every remaining allegation contained in Paragraph "27" of the Complaint.

28.    Respectfully refers this Court to the Article for its true content and meaning, but except as so referred, denies each and every remaining allegation contained in Paragraph "28" of the Complaint.

29.    Denies each and every allegation contained in Paragraph "29" of the Complaint.

30.    Denies each and every allegation contained in Paragraph "30" of the Complaint.

31.    Denies each and every allegation contained in Paragraph "31" of the Complaint as it relates to the facts contained in the Article but, except as so denied, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "31" of the Complaint.

32.    Denies each and every allegation contained in Paragraph "32" of the Complaint.

33.    Respectfully refers this Court to the Article for its true content and meaning, but except as so referred, denies each and every remaining allegation contained in Paragraph "33" of the Complaint.

34.    Respectfully refers this Court to the Article for its true content and meaning, but except as so referred, denies each and every remaining allegation contained in Paragraph "34" of the Complaint.

35.    Denies each and every allegation contained in Paragraph "35" of the Complaint.

36.     Denies each and every allegation contained in Paragraph "36" of the Complaint.

37.     Denies each and every allegation contained in Paragraph "37" of the Complaint.

38.     Respectfully refers this Court to the Article for its true content and meaning, but except as so referred, denies each and every remaining allegation contained in Paragraph "38" of the Complaint.

39.     Respectfully refers this Court to the Article for its true content and meaning, but except as so referred, denies each and every remaining allegation contained in Paragraph "39" of the Complaint.

40.     Denies each and every allegation contained in Paragraph "40" of the Complaint.

41.     Denies each and every allegation contained in Paragraph "41" of the Complaint.

42.     Denies each and every allegation contained in Paragraph "42" of the Complaint.

43.     Denies each and every allegation contained in Paragraph "43" of the Complaint.

44.     Denies each and every allegation contained in Paragraph "44" of the Complaint.

45.     Respectfully refers this Court to the Article for its true content and meaning, but except as so referred, denies each and every remaining allegation contained in Paragraph "45" of the Complaint.

46.     Respectfully refers this Court to the Article for its true content and meaning, but except as so referred, denies each and every remaining allegation contained in Paragraph "46" of the Complaint.

47.     Respectfully refers this Court to the Article for its true content and meaning, but except as so referred, denies each and every remaining allegation contained in Paragraph "47" of the Complaint.

48.     Denies each and every allegation contained in Paragraph "48" of the Complaint.

49.     Denies each and every allegation contained in Paragraph "49" of the Complaint.

50.     Denies each and every allegation contained in Paragraph "50" of the Complaint.

51.     Denies each and every allegation contained in Paragraph "51" of the Complaint.

52.     Denies knowledge or information sufficient to form a belief as to the truth of the statements contained in Paragraph "52" of the Complaint.

53.     Denies each and every allegation contained in Paragraph "53" of the Complaint.

54.     Denies each and every allegation contained in Paragraph "54" of the Complaint.

55.     Respectfully refers this Court to the Article for its true content and meaning, but except as so referred, denies each and every remaining allegation contained in Paragraph "55" of the Complaint.

56.     Respectfully refers this Court to the Article for its true content and meaning, but except as so referred, denies each and every remaining allegation contained in Paragraph "56 of the Complaint.

57.     Denies each and every allegation contained in Paragraph "57" of the Complaint.

58.     Denies each and every allegation contained in Paragraph "58" of the Complaint.

59.     Denies each and every allegation contained in Paragraph "59" of the Complaint.

60.     Denies each and every allegation contained in Paragraph "60" of the Complaint.

61.     Denies each and every allegation contained in Paragraph "61" of the Complaint.

62.     Respectfully refers this Court to the Article for its true content and meaning, but except as so referred, denies each and every remaining allegation contained in Paragraph "62" of the Complaint.

63.     Respectfully refers this Court to the Article for its true content and meaning, but except as so referred, denies each and every remaining allegation contained in Paragraph "63" of the Complaint.

64.     Denies each and every allegation contained in Paragraph "64" of the Complaint.

65.     Denies each and every allegation contained in Paragraph "65" of the Complaint.

66.     Denies each and every allegation contained in Paragraph "66" of the Complaint.

67.     Denies each and every allegation contained in Paragraph "67" of the Complaint.

68.     Denies each and every allegation contained in Paragraph "68" of the Complaint.

## **FACTS WITH RESPECT TO DAMAGES**

69.     Denies each and every allegation contained in Paragraph "69" of the Complaint.

70.     Denies each and every allegation contained in Paragraph "70" of the Complaint.

71.     Denies knowledge or information sufficient to form a belief as to the truth of each the  allegations contained in Paragraph "71" of the Complaint.

72.     Admits that a version of the Article was republished in a language other than English; but except as so admitted, denies each and every remaining allegation contained in Paragraph "72" of the Complaint.

73.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "73" of the Complaint.

74.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "74" of the Complaint.

75.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "75" of the Complaint.

76.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "76" of the Complaint.

77.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "77" of the Complaint.

78.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "78" of the Complaint.

79.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "79" of the Complaint.

80.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "80" of the Complaint.

81.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "81" of the Complaint.

82.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "82" of the Complaint.

83.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "83" of the Complaint.

## <u>FACTS WITH RESPECT TO PUNITIVE DAMAGES</u>

84.     Admits the allegations contained in Paragraph "84" of the Complaint.

85.     Denies each and every allegation contained in Paragraph "85" of the Complaint.

86.     Denies each and every allegation contained in Paragraph "86" of the Complaint.

87.     Denies each and every allegation contained in Paragraph "87" of the Complaint.

88.     Denies each and every allegation contained in Paragraph "88" of the Complaint.

89.     Denies each and every allegation contained in Paragraph "89" of the Complaint.

90.     Admits that Carter-Ruck, counsel for Plaintiffs in the United Kingdom, sent BuzzFeed a letter on April 22, 2015 and respectfully refers this Court to that correspondence for its true content and meaning; but except as so admitted and referred, denies each and every remaining allegation contained in Paragraph "90" of the Complaint.

91.     Admits that after receiving the letter from Carter-Ruck, BuzzFeed published the Article, but, except as so admitted, denies each and every allegation contained in Paragraph "91" of the Complaint.

92.     Denies each and every allegation contained in Paragraph "92" of the Complaint.

93.     Admits the story is available at the URL

http://www.buzzfeed.com/alanwhite/central-european-news#.xrrRRP9nQ, and  except as so

admitted, denies each and every allegation contained in Paragraph "93" of the Complaint.

## AS A FIRST CLAIM FOR RELIEF, BY
## PLAINTIFF MICHAEL LEIDIG, FOR LIBEL

94.     Repeats and realleges each and every admission, denial and referral made in

response to Paragraphs "1" through "93" of the Complaint as if made in response to Paragraph

"94" of the Complaint.

95.     Denies each and every allegation contained in Paragraph "95" of the Complaint.

96.     Denies each and every allegation contained in Paragraph "96" of the Complaint.

97.     Denies each and every allegation contained in Paragraph "97" of the Complaint.

## AS A SECOND CLAIM FOR RELIEF, BY
## PLAINTIFF CENTRAL EUROPEN NEWS LTD., FOR LIBEL

98.     Repeats and realleges each and every admission, denial and referral made in

response to Paragraphs "1" through "93" of the Complaint as if made in response to Paragraph

"98" of the Complaint.

99.     Denies each and every allegation contained in Paragraph "99" of the Complaint.

100.    Denies each and every allegation contained in Paragraph "100" of the Complaint.

101.    Denies each and every allegation contained in Paragraph "101" of the Complaint.

102.    Denies each and every allegation contained in Paragraph "102" of the Complaint.

103.    Denies each and every allegation contained in Paragraph "103" of the Complaint.

## AFFIRMATIVE DEFENSES

BuzzFeed makes the following allegations as affirmative defenses without admitting that BuzzFeed bears the burden of persuasion or presentation of evidence on each or any of these matters.

### FOR A FIRST AFFIRMATIVE DEFENSE

104.    The Complaint fails to state a claim upon which relief can be granted.

### FOR A SECOND AFFIRMATIVE DEFENSE

105.    The complained-of Article is substantially true.

### FOR A THIRD AFFIRMATIVE DEFENSE

106.    Plaintiffs are public figures and cannot prove constitutional malice by clear and convincing evidence because the complained-of Article was published without constitutional malice in good faith, with the belief that the statements contained therein were true, and without knowledge of falsity or reckless disregard for the truth.

### FOR A FOURTH AFFIRMATIVE DEFENSE

107.    Some of the complained-of statements in the Article are non-actionable statements of opinion.

### FOR A FIFTH AFFIRMATIVE DEFENSE

108.    To the extent Plaintiffs seek damages for libel by implication, Plaintiffs, who are public figures, cannot prove that BuzzFeed intended the defamatory implication.

### FOR A SIXTH AFFIRMATIVE DEFENSE

109.    The complained-of Article deals with matters arguably within the sphere of legitimate public concern, reasonably related to matters warranting public exposition, and were not published in a grossly irresponsible manner in that they were published with due

consideration for the standards of information gathering and dissemination ordinarily followed
by responsible parties.

## FOR A SEVENTH AFFIRMATIVE DEFENSE

110.    Plaintiffs have not been adversely affected in any way by the Article.

## FOR AN EIGHTH AFFIRMATIVE DEFENSE

111.    The Article was privileged under the First Amendment to the Constitution of the
United States and under Article I, Section 8 of the New York State Constitution.

## FOR A NINTH AFFIRMATIVE DEFENSE

112.    Exemplary or punitive damages are not recoverable because a control person at
BuzzFeed did not act with either common law malice or constitutional malice.

## FOR A TENTH AFFIRMATIVE DEFENSE

113.    Any claim for exemplary or punitive damages is barred by the First Amendment
to the Constitution of the United States and by Article I, Section 8 of the New York State
Constitution.

## FOR AN ELEVENTH AFFIRMATIVE DEFENSE

114.    The complained-of statements in the Article were made without any intention to
convey the allegedly defamatory impression about the Plaintiffs.

## FOR AN TWELFTH AFFIRMATIVE DEFENSE

115.    BuzzFeed reserves the right to assert and rely upon other defenses that become
available or appear during the course of this Action.

WHEREFORE, BuzzFeed respectfully demands judgment dismissing the Complaint
against it in its entirety, together with costs, attorney's fees, disbursements, and such other relief
as this Court deems appropriate.

### JURY DEMAND

BuzzFeed demands a trial by jury of all issues triable by jury.


DATED:  March 25, 2016        By:     /s/ Katherine M. Bolger_____
                                        Katherine M. Bolger
                                        Rachel F. Strom
                                        Amy Wolf

LEVINE SULLIVAN KOCH & SCHULZ, LLP
321 West 44th Street, Suite 1000
New York, NY  10036
(T): (212) 850-6100
(F): (212) 850-6299
kbolger@lskslaw.com
rstrom@lskslaw.com
awolf@lslslaw.com


OF COUNSEL:
Allison Lucas
Nabiha Syed
BuzzFeed, Inc.
11 E. 18th Street, 13th Floor
New York, NY 10003

*Attorneys for Defendant BuzzFeed, Inc.*