UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
MICHAEL LEIDIG and CENTRAL EUROPEAN
NEWS LTD,
                           Plaintiffs,

                      :   16-CV-0542(RWS)

    -against-

BUZZFEED, INC.,

                         Defendant.
------------------------------------------------------------------------x

PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION TO STRIKE THE HANSEN DECLARATION

LAW OFFICE OF HARRY H. WISE, III
43 West 43rd Street, suite 109
New York, NY. 10036
(212) 709-8034
hwiselaw@aol.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------x
MICHAEL LEIDIG and CENTRAL EUROPEAN
NEWS LTD,
                      Plaintiffs,

                                                         16-CV-0542(RWS)
    -against-

BUZZFEED, INC.,

                      Defendant.
--------------------------------------------------------------------------x

PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION TO STRIKE THE HANSEN DECLARATION

Preliminary Statement

       This Memorandum of Law is submitted by plaintiffs in opposition to the motion of defendant to strike the Declaration of Flemming Hansen submitted as part of plaintiffs' motion for partial summary judgment and to strike related portions of plaintiffs' Rule 56.1 statement. Defendant's motion is Docket Entry 24. In brief, the motion should be denied as defendant, responding to Mr. Flemming's evidence, has conceded the point it was used to help prove—that the news story of two Russian women who suffered unfortunate consequences after they posed nude for a photo shoot on a city sidewalk was widely reported in Russian media and was not made up by plaintiff. Defendant has thus conceded the falsity of its published charge: "[I]t appears that CEN took the photos, invented a newsworthy narrative, inserted false names for the women, credited a nonexistent photographer, and fabricated four sets of quotes to fill out the text."

1

## Statement of Facts

Mr. Flemming, describes himself as a friend of Mr. Leidig's, whom Mr. Leidig asked to look into "an assertion in a piece published by BuzzFeed, Inc. that cast doubt on an article that Mr. Leidig's company, Central European News Ltd. (CEN), had published concerning two Russian women who had problems after they posed naked for a photo shoot on a Russian street." (Flemming Dec., Docket Entry 19, ¶1). Mr. Flemming's conclusion is set forth in the second paragraph:

> 2. The BuzzFeed piece charges that CEN took some photographs shot by a professional photographer—without asking his permission or crediting him—and wove a completely made-up story around them. This charge is false. CEN took a story that was circulating widely on Russian media and did, based on the information available at the time, its own version which it then sold to its clients.

Mr. Hansen describes two exhibits to his declaration as "a photograph that accompanied one of the stories in Russian media" and as "another example of the story as it appeared in Russian media." (*Id.*, ¶ 5). He states further that "[o]n March 17, well before CEN reported on the photo session, the incident had gained so much traction online that it became the topic of a segment in one of Russia's most popular talkshows, 'Evening Urgant.'" (*Id.*, ¶ 6).

In plaintiffs' Rule 56.1 Statement, Mr. Hansen's declaration is used to lend additional support to one paragraph, which reads as follows:

> 33. With respect to BuzzFeed's assertion, concerning two Russian women who stripped naked for a photo shoot on a public street and lost their jobs as a result, that: "[I]t appears that CEN took the photos, invented a newsworthy narrative, inserted false names for the women, credited a nonexistent photographer, and fabricated four sets of quotes to fill out the text," the statement is completely false in every respect. The photos were taken by bystanders to the shoot, the story, with quotes from the participants, ran in various Russian media, and CEN picked up the story and correctly reported it for its clients. (Leidig Dec. ¶ 20; Declaration of Flemming Emil Hansen, ¶¶ 2-7, Exs. A, B).20

2

(Plaintiffs' Rule 56.1 Statement, D.E. # 17, ¶ 33). Paragraph 20 of Mr. Leidig's declaration, used to support the statement, reads as follows:

> 20. With respect to BuzzFeed's assertion, concerning two Russian women who stripped naked for a photo shoot on as public street and lost their jobs as a result, BuzzFeed made what is perhaps its most scurrilous allegation: "[I]t appears that CEN took the photos, invented a newsworthy narrative, inserted false names for the women, credited a nonexistent photographer, and fabricated four sets of quotes to fill out the text." This statement is completely false in every respect. The photos were taken by bystanders to the photo shoot, the story, with quotes from the participants, ran in various Russian media, and CEN picked up the story and correctly reported it for its clients. This is more specifically set out in the accompanying declaration of a Vienna-based free-lance journalist and friend of mine, Flemming Hansen, whom I asked to do a report on the BuzzFeed allegation.

(Leidig Dec., D.E. #18, ¶ 20).

In response to paragraph 33 of plaintiffs' Rule 56.1 Statement, defendant said the following:

> 33. BuzzFeed disputes the allegation in Paragraph 33 of the 56.1 Statement that the quoted portion of the Article is false. Answer ¶57. BuzzFeed disputes, and requires additional discovery pursuant to Rule 56(d) to respond to, the remaining allegations in Paragraph 33. Answer ¶60; Bolger Decl. ¶¶ 15, 26(d). [The rest of the paragraph goes on to raise, generally, the objections to the Hansen declaration raised by this motion.]

(Defendant's Counter Statement under Rule 56.1, D.E. # 29).\

After receiving copies of Mr. Hansen's initial report, from counsel for plaintiffs, defendant's counsel wrote to plaintiff's counsel on November 23, and said the following:

> In fact, a Russian-speaking colleague at my Firm has reviewed your purported "translation" of the interview with Ellina Sarukhanov [one of the women photographed] (produced in part as Document 6 and available at http://amurmedia.ru/news/society/ 24/03/2015/428073/ya-obnazhus-prilyudno-vnov-esli-predlozhat-uchastnitsa-skandalnov-Fotosessii-v-h.html) and discovered that it has been heavily edited.

(Letter, Bolger to Wise, November 23, 2016, Bolger Dec., D.E. # 29, Exh. 19, p. 1).

3

ARGUMENT

Point I

THERE ARE NO GROUNDS UPON WHICH
TO STRIKE THE HANSEN DECLARATION

In reporting that he did web research and found that information on the web showed that the story of two women who posed naked and suffered unfortunate consequences appeared on Russian sites and was circulating before CEN did its story, Mr. Hansen is testifying to what he saw, which he is competent to do. More important, the point that Mr. Hansen makes is now conceded by defendant, as it must be. This is shown by counsel's letter, *supra,* which does not assert that CEN made the story up, and in fact acknowledges that an interview with one of the women involved is currently available on a Russian site, for which counsel gives the address.

There would be no grounds, in any event, to strike any aspect of the related paragraph of plaintiffs' Rule 56.1 Statement, paragraph 33, because it is fully supported by the Declaration of Michael Leidig—and defendant's Counter Statement shows it has no evidence to the contrary, citing only the denial in its Answer. (Counter Statement, D.E.# 29, ¶ 33).

This Court can take judicial notice of the fact that news articles concerning the two women are found on Russian web sites. *Magnoni v. Smith & Laquercia,* LLP, 701 F. Supp.2d 497, 501 (S.D.N.Y. 2010), *aff'd,* 483 Fed. Appx. 613 (2d Cir. 2012); *Patsy's Italian Rest., Inc., v. Banas,* 575 F. Supp.2d 427, 443 n.18 (E.D.N.Y. 2008), *aff'd,* 658 F.3d 254 (2d Cir. 2011); *see also St Laurent Ltd. v. Yves St. Laurent Am. Inc.,* 2015 U.S. Dist. LEXIS 42621, *29 (SDNY, March 26, 2015); *see gen. 1 Weinstein's Federal Evidence (2d Ed.),* § 201.13[4] at 201-60.14 n.30 (2015).

In addition to the site cited by BuzzFeed's counsel, another Russian site showing the story is http://versia.ru/devushki-poigravshie-v-centre-xabarovska-v-snesazhki-oshtrafovany-i-uvoleny.

Point II

BUZZFEED NOW CONCEDES THE
FALSITY OF ITS LIBEL OF PLAINTIFFS

Faced with Mr. Hansen's evidence, BuzzFeed can no longer claim that Mr. Leidig and CEN made up the story about the two Russian women, as counsel's letter shows. Thus, the falsity of this particular libel of plaintiffs now stands as admitted.

BuzzFeed cannot possibly argue that its charge of fabrication is shown to be true if a name was mistaken, or only one woman was fired and not two. "The proof of truth or falsity must go to the 'gist' or 'sting' of the defamation," 1 R.D. Sack, *Sack on Defamation,* § 3:7 at p. 3-19 (2016). The test is whether the alleged libel as published "would have had a different effect on the mind of the reader from that which the pleaded truth would have produced." *Masson v. New Yorker Magazine,* 501 U.S. 496, 517, 111 S.Ct. 2419, 2433, 115 L.Ed.2d 447 (1991); *see also Chung v. Better Health Plan,* 1997 U.S. Dist Lexis 9627, ** 5-6 (S.D.N.Y. 1997).

The "sting" of BuzzFeed's charge here is that plaintiffs made up a story out of whole cloth, based on photos they used without permission. The truth of that charge is not shown by proof (of which BuzzFeed has, in any event, none), that plaintiffs got a name wrong or even added fake quotes. Thus, there is no justification for allowing BuzzFeed to seek further discovery on this issue, because it is resolved

5

## Conclusion

Because Mr. Hansen is competent to testify as to what he personally found, and because the point he makes is supported additionally by the Declaration of Michael Leidig, and because defendant must concede the truth of what Mr. Hansen asserts, this motion should be denied.

Respectfully submitted,

s/ Harry H. Wise, III
Harry H. Wise, III
*Attorney for Plaintiffs*
43 West 43rd Street, suite 109
New York, N.Y. 10036
(212) 709-8034
hwiselaw@aol.com