UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
MICHAEL LEIDIG and CENTRAL EUROPEAN
NEWS LTD,
                        Plaintiffs,

          16-CV-0542(RWS)

      -against-

          DECLARATION OF
          <u>HARRY H. WISE, III</u>

BUZZFEED, INC.,

                        Defendant.
---------------------------------------------------------------------x

        HARRY H. WISE, III, attorney for plaintiffs, hereby declares as follows:

        1.    I am counsel for plaintiffs in this action, and submit this declaration in opposition to the motion of defendants, pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure, for an order compelling plaintiffs to "immediately" produce "authentic documents responsive to Defendant's First Request for the Production of Documents and Things to Plaintiffs." Except as otherwise noted, I am personally familiar with the facts set forth herein.

        2.    Plaintiffs have had difficulties complying with document demands, and the production is not complete. Defendant likewise has not completed document discovery. My position on this motion is that it is premature, and that its resolution should await the Court's decision on plaintiffs' motion for partial summary judgment, currently scheduled to be argued next week.

        3.    As part of its papers, defendant places before the Court counsel's email to me dated February 15, announcing that it would be filing a motion to compel, but it does not include my response. Annexed hereto as Exhibit A is a true copy of my response, requesting that the motion be held up two weeks to allow discovery issues to be discussed at the oral argument of

plaintiffs' motion on March 2. I believe that course of action would have saved efforts by the parties and the court. Should the Court grant either of the latter two points of my three-point motion—i.e., finding that the publication was false as a matter of law or finding as a matter of law that plaintiffs are not "public figures" under libel law, plaintiffs' burden of production will be substantially reduced.

4. Plaintiffs made their first response to defendant's document request on October 11. The documents are contained in a Dropbox file, as follows:

https://www.dropbox.com/sh/zz2wk1krcgeffg6/AADuyjCyllDlUyhwL6Gg9hzba?dl=0

5. Most of the documents relate to the stories discussed in the BuzzFeed story. Upon information and belief, based on discussions with my client, plaintiffs' computer systems saves only source material and a copy of the final story (not drafts), and all such documents for all the stories are included here. These documents were organized by plaintiffs and produced, as the rule allows, organized in response to the numbered requests in defendant's demand. (In the demand, requests for documents concerning the indivdidual stories are numbers 8 through 62.

6. Defendant's counsel has objected to this production on various grounds, including that the web-site material is produced only in screen grabs and that the documents are not produced in the two forms requested: both a .pdf and a .tiff file for each document. My understanding of Rule 34, however is that documents need only be produced in one format. Rule 34(B)(2)(e)(iii).

7. Following the initial production, Mr. Leidig became increasingly daunted by the large number documents retrieved by the agreed-upon search terms. Because CEN does journalism, often based on sources operating in countries like China where unofficial journalism can be dangerous, Mr. Leidig feels he must personally review every document produced, to

maintain the confidentiality of his sources. This problem is exacerbated by BuzzFeed's counsel's refusing my request for a level of secrecy in the stipulated confidentiality order that would have allowed some documents to be produced to counsel but withheld from the client. Mr. Leidig views BuzzFeed as a competitor (*see*, Complaint, ¶ 87), and fears that documents will not just be used in connection with the litigation as agreed.

8. As document issues were beginning to appear insuperable, I locate an e-discovery firm and had discussions concerning their aiding plaintiffs. One of the first issues raised by the firm, however, was the possible violation of Austrian data-privacy laws by moving electronic files out of the country. Mr. Leidig then sought the opinion of Austrian counsel on the matter. A copy of the opinion letter received is annexed hereto as Exhibit B. My understanding, based on a client conversation, is that it is marked "draft" because Mr. Graf was traveling and unable to sign it. These are issues that plaintiffs will have to work around.

9. I believe the problems with production are manageable given the additional scheduled time agreed upon this week by the parties and approved by the Court. Any failings by plaintiff so far to provide discovery have no bearing on the timelines of plaintiffs' motion for partial summary judgment.

WHEREFORE, declarant respectfully requests that defendant's motion be adjourned pending a decision on the motion for partial summary judgment.

I declare under penalty of perjury that the foregoing is true and correct. Executed on the 23 day of February, 2017.

_____
Harry H. Wise, III