**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MICHAEL LEIDIG and CENTRAL EUROPEAN NEWS LTD,

                Plaintiffs,

        -against-

BUZZFEED, INC.,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

No: 1:16-cv-00542 (RWS)

ECF Case


### REPLY MEMORANDUM OF LAW OF DEFENDANT BUZZFEED, INC. IN FURTHER SUPPORT OF ITS MOTION TO COMPEL

                                    LEVINE SULLIVAN KOCH & SCHULZ, LLP
                                    Katherine M. Bolger
                                    Rachel F. Strom
                                    Amy Wolf
                                    321 West 44th Street, Suite 1000
                                    New York, NY 10036
                                    (T): (212) 850-6100
                                    (F): (212) 850-6299
                                    kbolger@lskslaw.com

                                    OF COUNSEL:
                                    Allison Lucas
                                    Nabiha Syed
                                    BuzzFeed, Inc.
                                    11 E. 18th Street, 13th Floor
                                    New York, NY 10003

                                    *Attorneys for Defendant BuzzFeed, Inc.*

**PRELIMINARY STATEMENT**

Plaintiffs' opposition to BuzzFeed's motion to compel[1] merely highlights their disregard for their discovery obligations and unwillingness to engage in the litigation they chose to commence. Dkt. 34 ("Opp.").[2] Their opposition barely acknowledges the arguments made in BuzzFeed's opening memorandum, and, instead, claims that because producing relevant documents would be "daunt[ing]" and "insuperable" or "possibly" prohibited by Austrian privacy laws, they do not have to produce the requested documents to BuzzFeed. *Id.* ¶¶ 7-8. Plaintiffs make these arguments while simultaneously asking this Court to grant its unprecedented pending motion for summary judgment such that BuzzFeed will be denied the benefit of the discovery it needs to defend this case. This ploy should be rejected.

It was *Plaintiffs* who filed this libel lawsuit; they cannot now escape the consequences of that choice by arguing that discovery is just too hard. This Court should order Plaintiffs to produce relevant documents or face dismissal.

**ARGUMENT**

**THIS COURT SHOULD GRANT BUZZFEED'S MOTION TO COMPEL**

As set forth more fully in BuzzFeed's opening memorandum, this Court should grant BuzzFeed's motion to compel because Plaintiffs have all but failed to engage in the discovery process. In the opposition, Plaintiffs fail to meaningfully address BuzzFeed's arguments, but instead advance several unpersuasive excuses.

---

[1] The facts necessary for determination of this motion are set forth more fully in BuzzFeed's Memorandum of Law in Opposition to Plaintiffs' Motion for Partial Summary Judgment and in Support of its Motion to Compel, Dkt. No. 27 ("Mem."), the accompanying Declaration of Katherine M. Bolger and the exhibits annexed thereto, Dkt. No. 28 ("Bolger Decl."). All defined terms used herein have the same meaning as in the opening memorandum.

[2] Plaintiffs' opposition papers violate Local Rule 7.1 as they have not provided any memorandum of law, and instead rely on the declaration of Plaintiffs' counsel, which does not cite a single case. *See* Opp., *generally*.

1

A. **Plaintiffs Must Produce All Relevant Documents**

*First*, Plaintiffs claim that their non-compliance is justified because they are "daunted" by the "insuperable" task of producing large numbers of documents. *Id*. This is an insufficient justification for their failure to comply with their discovery obligations.

While courts may "limit the frequency or extent of discovery where the burden or expense of the proposed discovery outweighs its likely benefit," the court must balance this limitation against "the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." *Assured Guar. Mun. Corp. v. UBS Real Estate Secs. Inc.*, 2012 WL 5927379, at *2 (S.D.N.Y. Nov. 21, 2012) (internal marks omitted) (citing Fed. R. Civ. P. 26(b)(2)(C)(iii)). The "party resist[ing] production on the basis of claimed undue burden … must establish the factual basis for the assertion through competent evidence." *In re In-Store Advert. Secs. Litig.*, 163 F.R.D. 452, 455 (S.D.N.Y. 1995) (internal marks and citation omitted) (finding that defendants "have not satisfied this requirement because they make only a bare assertion of undue burden without any factual allegations to support it"). "General and conclusory objections" as to the purported burden "are insufficient to exclude discovery of requested information." *Assured Guar. Mun. Corp.*, 2012 WL 5927379, at *2 (citation omitted).

Notably, the fact that a potential document production may be large is not, in and of itself, sufficient to avoid discovery. *Id.* For example, in *Assured,* the non-moving party claimed that its search "resulted in a harvest of over 600,000 documents." *Id.* But, the court noted, "the total number of documents 'harvested' is not a particularly compelling statistic by itself, because it says nothing about the possible significance of the documents[.]" *Id.* The court, therefore, ordered the production of the relevant documents. *Id.* at *3.

Here, Plaintiffs have not established *any* factual basis for their claim that it would just be too much to produce relevant documents. Their bare assertion that "Mr. Leidig became increasingly daunted by the large number of documents retrieved by the agreed upon search terms," Opp. ¶¶ 7-8, is insufficient. Plaintiffs have not identified which documents they are withholding from production or why the burden of producing these documents outweighs BuzzFeed's right to broad discovery in this libel action. And, Plaintiffs rejected BuzzFeed's offer to change the search terms in the hopes of limiting the results. All we know for sure is that Plaintiffs claimed that the agreed upon search terms produced more than 20,000 documents, *see* Bolger Decl. ¶ 8, but they have only produced 400. Reviewing and producing 20,000 documents — which is hundreds of thousands less than in *Assured* — is an unavoidable consequence of the litigation Plaintiffs brought. It is not a sufficient reason to strip BuzzFeed of discovery.

*Second*, the fact that a party may have produced some responsive documents does not discharge their obligation to "find and disclose *all* responsive documents or properly set forth why the documents are being withheld." *Merck Eprova AG v. Gnosis S.P.A.* 2010 WL 1631519, at *4 (S.D.N.Y. Apr. 20, 2010) (emphasis added). In fact, "the decision not to produce responsive documents, on the grounds that they were insufficiently important, displays an unacceptable disrespect for the judicial process." *Id.* at *4-6 (ordering non-moving party to pay costs and fees expended in compelling them to "live up to its discovery obligations"); *see also Nycomed U.S. Inc. v. Glenmark Generics Ltd.*, 2010 WL 3173785, at *3-5 (E.D.N.Y Aug. 11, 2010) (improper to withhold responsive documents simply because they were duplicates of already produced documents, stored in an unsearchable file format or hundreds of pages long); *Palm Bay Int'l, Inc. v. Marchesi Di Barolo S.p.A.*, 2009 WL 3757054, at *8 (E.D.N.Y. Nov. 9,

2009) ("Plaintiff's attempts to minimize the failure to produce these documents, based upon the 7,300 pages which were produced, is unpersuasive.").

In this case, Plaintiffs have produced 400 documents out of the 20,000 documents they claim to have retrieved in response to the agreed upon search terms. While it is the "belief" of Plaintiffs' attorney that his clients produced source material for all of the Disputed Stories at issue, Opp. ¶ 5, that claim is contradicted by his assertion two paragraphs later that the Plaintiffs still must review — and therefore do not know the content of — the "large number of documents" yielded by the search terms that were targeted towards obtaining documents related to the Disputed Stories, *id.* ¶ 7.[3]  *See also* Bolger Decl. ¶ 8 & Ex. 7.  Further, as detailed in the opening memorandum, BuzzFeed is entitled to broad discovery in this case, not just about the Disputed Stories, but also on Plaintiffs' newsgathering practices as a whole, Plaintiffs' status as public figures and Plaintiffs' purported damages.  *See Condit v. Dunne*, 225 F.R.D. 100, 105-13 (S.D.N.Y. 2004); Mem. at 9-10, 23-24; Bolger Decl. ¶ 26 & Ex. 27.  Plaintiffs do not even claim to have produced any of these relevant documents.  Plaintiffs simply cannot be allowed to withhold thousands of relevant documents because they believe they produced the 400 that they feel are most relevant.

B.      **Plaintiffs Do Not Justify Their Improper Document Productions**

Next, Plaintiffs offer no justification for the improper format of the limited number of documents they have produced.  Instead, Plaintiffs stand by their claim that producing

---

[3] Plaintiffs' counsel must do more than assert his mere "belief" that the produciton is comprehensive.  "[T]he contours of counsel's duty to locate relevant electronic information" includes the "duty to properly communicate with its client" to ensure that the client has identified all sources of relevant documents and, in doing so, counsel must become familiar with the client's document retention and data storage policies.  *Phoenix Four, Inc. v. Strategic Res. Corp.*, 2006 WL 1409413, at *5 (S.D.N.Y. May 23, 2006); *see also Richard Green (Fine Paintings) v. McClendon*, 262 F.R.D. 284, 290 (S.D.N.Y. 2009) (imposing sanctions where "counsel failed to meet these discovery obligations" in part because "it [was] highly unlikely that counsel actually conducted a thorough search for relevant documents in [his client's] possession").

documents "organized in response to the numbered requests in defendant's demand" satisfies all of the requirements of the Federal Rules of Civil Procedure.  Opp. ¶¶ 5-6.  This argument is unpersuasive.

As detailed in the opening memorandum, Rule 34(b)(2)(E)(ii) states that "[i]f a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form of forms."  Here, BuzzFeed did specify a form for producing electronically stored information — Plaintiffs just refused to comply with the request.  Moreover, the form in which Plaintiffs did produce data is not "in a form in which it is ordinarily maintained."  Plaintiffs turned emails into PDFs, webpages into screengrabs with manual notations and Russian language webpages into partial and inaccurate Google-translated screengrabs.  This manner of production is unacceptable under the Federal Rules.  *See, e.g. Aguilar v. Immigration & Customs Enf't Div. of U.S. Dep't of Homeland Sec.*, 255 F.R.D. 350, 355 (S.D.N.Y. 2008) (plaintiffs cannot simply "convert electronically stored information from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome for the requesting party to use the information efficiently in the litigation").  Plaintiffs also produced text files containing Plaintiffs' post-hoc arguments in defense of CEN stories and have created various summaries without producing the underlying documents that formed the basis of those conclusions.  These formats openly flout the requirements imposed by the Federal Rules of Civil Procedure.  Mem. at 4, 21-22; Bolger Decl. ¶¶ 9, 12 & Exs. 9-14, 17.  This Court should order Plaintiffs to rectify the issues in their inauthentic or otherwise improper and inadmissible document production.

C.   **Plaintiffs Have Not Established That Foreign Law Prohibits Their Production**

Plaintiffs' argument that Austrian data privacy laws *may* prohibit them from producing documents and they should, therefore, be wholly excused from any obligation to do so, is

similarly unpersuasive.  Plaintiffs argument rests solely on an unsigned letter that Plaintiffs' counsel *believes* is a final opinion from an Austrian counsel that does nothing more than recite portions of the Austrian Media Act and Austrian Data Protection Law and then concludes, without *any* details about the specific documents in Plaintiffs' possession, that "it is not very likely that the Austrian data protection authority, who happens to be very strict, will permit the transfer of the Data to the U.S. authorities."  Opp., Ex. B.  This argument should be rejected.

First, this draft opinion is inadmissible and should not be considered because Plaintiffs have "provide[d] no evidence to authenticate [the] document[], as is required."  *Shamrock Power Sales, LLC v. Scherer*, 2015 WL 5730339, at *17 (S.D.N.Y. Sept. 30, 2015); *see also Maldonado v. Millstone Enters.*, 2007 WL 983208, at *5 (D. Md. Feb. 23, 2007) ("Mr. Rose's opinion letter, without a supporting affidavit verifying its authenticity, is inadmissible[.]").  Here, Plaintiffs' attorney submits an unsigned letter that was purportedly authored by a Ferdinand Graf at the request of Plaintiff Leidig.  But Plaintiffs have not provided an affidavit from Mr. Graf establishing that he, in fact, authored the letter — or even an affidavit from Mr. Leidig establishing that he asked for and received this letter from Mr. Graf.  Plaintiffs have not even produced a signed letter.  This Court should therefore refuse to consider it.

Even if the Court were to rely on the draft opinion, the conclusory statement that the Austrian Data Protection Law *may* prohibit the transfer of relevant documents to a U.S. authority is patently insufficient to meet Plaintiffs' high burden to "provide the Court with information of *sufficient particularity and specificity* to allow the Court to determine whether the discovery sought is indeed prohibited by foreign law."  *Weiss v. Nat'l Westminster Bank, PLC*, 242 F.R.D. 33, 40 (E.D.N.Y. 2007) (citation omitted) (emphasis added).  An objecting party's assertion of a "vague and hypothetical conflict" with foreign privacy laws "is insufficient to warrant denial of

6

[a] discovery request." *Catalano v. BMW of N. Am., LLC*, 2016 WL 3406125, at *8 (S.D.N.Y. June 16, 2016).  Here, BuzzFeed set out the various factors courts in this Circuit consider when determining if a party may rely on foreign law in withholding documents.  Mem. at 23 (courts consider, *inter alia,* the importance of the information requested, the specificity of the requests, where the information originated, alternative means of obtaining such information and the interests of both the United States and the state where the requested information is located). Plaintiffs have wholly ignored these factors — and have not even attempted to articulate why the balance of those factors weighs in their favor.  Opp. ¶ 8 & Ex. B.  *See also* Mem. at 23-24.  Thus, Plaintiffs' reliance on a "vague and hypothetical conflict" with Austrian privacy laws cannot justify the wholesale withholding of relevant documents in this case.

D.      **Plaintiffs Refusal To Produce Relevant Evidence Should End This Case**

Finally, Plaintiffs tellingly ignore BuzzFeed's argument that, even if they are somehow justified in hiding behind Austrian privacy laws, doing so subjects them to dismissal of this case. Mem. at 24.  As noted in the opening memorandum, where a party asserts an objection or privilege that prohibits the defendant from obtaining relevant discovery it needs to defend the action, courts will dismiss the case.  For example, in *Trulock v. Lee*, the plaintiff brought a defamation action arising out of a defendant's statements allegedly implying that he was motivated by racial animus in investigating the defendant, a Department of Energy scientist, for purportedly mishandling sensitive documents.  66 F. App'x 472, 473-74 (4th Cir. 2003).  After being ordered to produce certain confidential documents, the government intervened as a defendant, asserting the state secrets privilege and arguing that the plaintiff's defamation action could not proceed because it would require the disclosure of confidential information.  *Id*. at 475. The Fourth Circuit agreed and affirmed dismissal of the case because information "critical to the

7

resolution" of the issues of truth and actual malice had been shielded from disclosure by operation of the privilege.  *Id*. at 476-78.  *See also* Mem. at 24 (citing cases).

Similarly here, it was *Plaintiffs* who filed this lawsuit and now bear the responsibility of producing documents that BuzzFeed needs to support its defenses.  If Plaintiffs choose to rely on Austrian privacy laws to withhold tens of thousands of relevant documents, their case should be dismissed.

## CONCLUSION

Plaintiffs' strategy in this lawsuit is to short circuit the discovery process by asking the Court to prematurely grant summary judgment in their favor on the sole basis that it is too hard to participate in the litigation that they chose to commence.  There is simply no precedent to permit Plaintiffs to avoid their affirmative obligations in this way.  For all of the foregoing reasons and the reasons set forth in the opening memorandum of law, therefore, Defendant BuzzFeed, Inc. respectfully requests that this Court compel Plaintiffs to comply with their discovery obligations or dismiss this case, and grant such other and further relief, together with costs, as this Court deems appropriate.

Dated:  February 27, 2017

Of Counsel:
Allison Lucas
Nabiha Syed
BuzzFeed, Inc.
11 E. 18th Street, 13th Floor
New York, NY 10003

Respectfully submitted,

By:  /s/ *Katherine M. Bolger*
Katherine M. Bolger
Rachel F. Strom
Amy Wolf
LEVINE SULLIVAN KOCH & SCHULZ, LLP
321 West 44th Street, Suite 1000
New York, NY 10036
(T): (212) 850-6100
(F): (212) 850-6299
kbolger@lskslaw.com
rstrom@lskslaw.com
awolf@lskslaw.com
*Attorneys for Defendant BuzzFeed, Inc.*

8