UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
MICHAEL LEIDIG and CENTRAL EUROPEAN
NEWS LTD,
                              Plaintiffs,

                                                 16-CV-0542(RWS)
       -against-

BUZZFEED, INC.,

                             Defendant.
------------------------------------------------------------------------x

## PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF A MOTION FOR PARTIAL SUMMARY JUDGMENT

LAW OFFICE OF HARRY H. WISE, III
43 West 43rd Street, suite 109
New York, N.Y. 10036
(212) 709-8034
hwiselaw@aol.com

# TABLE OF CONTENTS

|  | Page |
|---|---|
| Preliminary Statement | 1 |
| Statement of Facts | 2 |

ARGUMENT

Point I

THE DEFAMATORY CHARACTER
OF DEFENDANT'S PUBLICATION
IS NOT SERIOUSLY DISPUTED ........ 3

Point II

DEFENDANT APPARENTLY
HAS NO EVIDENCE THAT
ITS LIBELOUS ASSERTIONS ARE TRUE ........ 5

Point III

DEFENDANT HAS NO EVIDENCE THAT
PLAINTIFFS ARE PUBLIC FIGURES ........ 8

Point IV

ANY ALLOWED DISCOVERY
SHOULD BE LIMITED ........ 9

Conclusion ........ 10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
MICHAEL LEIDIG and CENTRAL EUROPEAN
NEWS LTD,                                                              :
                          Plaintiffs,
                                                          :   16-CV-0542(RWS)

    -against-
                                                            :

BUZZFEED, INC.,                                                        :

                          Defendant.                                 :
----------------------------------------------------------------------x

### PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF A MOTION FOR PARTIAL SUMMARY JUDGMENT

#### Preliminary Statement

Plaintiffs submit this Reply Memorandum of Law in support of their motion for partial summary judgment, requesting an order: (1) that the publication in issue was defamatory of them, as a matter of law; (2) that the defamatory allegation was false, as a matter of law; and (3) that neither plaintiff is a "public figure," as that term is used in libel law, as a matter of law. In response to the motion, defendant submits only a declaration of its attorney with attached documents nearly all concerned with document-discovery issues. In reply, plaintiffs submit a reply declaration from Mr. Leidig addressing, *inter alia,* those issues.

1

## Statement of Facts

In response to the motion, defendant submits only the declaration of its lawyer, Katherine M. Bolger, Esq. (D.E. #28).[1] It conveys 29 exhibits, nearly all of which relate to exchanges between counsel related to document discovery. In response to the paragraphs of plaintiffs' Rule 56.1 Statement concerning the publication's falsity, paragraphs 27 through 34, defendant claims each paragraph is disputed, but submits only references to paragraphs in its Answer, and to paragraphs in Ms. Bolger's declaration, and, as to each, requests further discovery. No admissible evidence is presented.

In response to the paragraphs of the Rule 56.1 Statement dealing with plaintiffs' alleged "public figure" status, paragraphs 35 through 39, defendant says only that it "neither admits nor disputes" them, and "requires additional discovery" as to them. No admissible evidence is submitted. (Response of Defendant BuzzFeed to "Plaintiffs' Rule 56.1 Statement of Facts as to Which there is no Issue" in support of Plaintiffs Motion for Partial Summary Judgment, D.E. #29).

---

[1] Herein, "D.E." refers to "Docket Entry."

ARGUMENT

Point I

THE DEFAMATORY CHARACTER
OF DEFENDANT'S PUBLICATION
IS NOT SERIOUSLY DISPUTED

Without challenging plaintiffs' cited authorities, and without offering any alternative to plaintiffs' interpretation of the defamatory "sting" of its publication, (despite having pleaded in its Answer that no aspect of the publication was defamatory) defendant nonetheless asserts that this Court should not evaluate the publication "before discovery." (Defendant's Memorandum in Opposition, D.E.#27, p. 19).

Defendant does not suggest the decision should await further discovery from plaintiffs, but, oddly, argues that the decision should not be made before plaintiffs take the depositions of the article's authors. (*Id.*). This position finds no support in the law of libel, and makes no sense. If defendant believes the intent of its authors is relevant evidence on this motion, it could have easily elicited it in declarations and filed them in opposition to the motion. Indeed, if defendant's position is that the intent of its authors is material evidence, its failure to produce evidence of their intent on this motion should give rise to an inference that it would not help defendant's case, under the missing-witness rule. *See* 2 McCormick on Evidence (7th Ed.) § 264 at pp. 316-17 (2013).

The intent of its authors is irrelevant to an evaluation of the article, however. BuzzFeed cannot possibly argue that a jury could find the intent of the authors of the article to be non-defamatory, because defamation was the central and obvious intent of its publication. BuzzFeed would not have published a story that Mr. Leidig is a competent journalist who occasionally falls victim to a hoax, or occasionally reports an asserted fact that someone else has gotten wrong, or

3

(like the New York Times which, each day, reports its previous mistakes on page two) sometimes errs. The newsworthy "peg" of the article was that it exposed Mr. Leidig and his company as fraudsters—selling made-up stories as true, or adding fake quotes to make stories more saleable. That is the only possible interpretation of the words published, and this Court should so hold, as a matter of law.

The one case that BuzzFeed cites in support of its argument for delay, Judge Baer's decision in *Biro v. Condé Nast,* 883 F. Supp.2d 441, 446 (S.D.N.Y. 2012), is both inapt and misconstrued. It is inapt because it deals with cases of libel "by implication," defined as cases where the alleged libel is "not based on the factual statements expressly contained in the article, but rather based on the impressions and implications of concededly accurate facts." 883 F. Supp.2d at 445. That is obviously not this case, where plaintiff has alleged, and, on this motion, submitted evidence to show, that the article was replete with false statements of fact, such as, for example: "[I]t appears that CEN took the photos, invented a newsworthy narrative, inserted false names for the women, credited a nonexistent photographer, and fabricated four sets of quotes to fill out the text," the assertion discussed by plaintiffs' witness Flemming Hansen.

*Biro* is, in addition, misconstrued by defendant as supposedly suggesting that the subjective intent of the author is significant, when the cases cited by Judge Baer refer to interpreting the language of the publication to ascertain intent. In *Biro,* Judge Baer cites his own decision in *Vinas v. Chubb Corp.,* 499 F. Supp.2d 427 (S.D.N.Y. 2006), and the language in that decision is as follows:

> Moreover, for such "defamation by implication" claims, Plaintiffs typically have to show that Defendants affirmatively intended such implication. See Rappaport v. W Publishing Corp., 163 Misc.2d 1, 618 N.Y.S.2d 746 (N.Y. Sup. Ct. 1994)("The language ... must affirmatively suggest that the author intends or indorses the inference.")

4

499 F. Supp.2d at 437. Thus, it is the language of the publication that is important, not some other evidence of subjective intent.

The question of whether the BuzzFeed article is defamatory of both plaintiffs is therefore ripe for decision, and this Court should hold it to be defamatory as a matter of law. "If a statement is susceptible of only one meaning, the court must determine, as a matter of law, whether that one meaning is defamatory." *Celle v. Filipino Reporter Enters. Inc.*, 209 F.3d 163, 178 (2d Cir. 2000).

Point II

DEFENDANT APPARENTLY
HAS NO EVIDENCE THAT
<u>ITS LIBELOUS ASSERTIONS ARE TRUE</u>

In opposition to the branch of plaintiffs' motion that seeks a finding that the libelous assertions in the BuzzFeed story are false, BuzzFeed submits no evidence at all. In opposition to the various assertions of specific falsehoods made by plaintiffs, no evidence is submitted. In response to the general assertion by Mr. Leidig in paragraphs 27 and 28 of the Rule 56.1 Statement that he has "never created, nor knowingly reported, a fake news story and sold it as real, and he has never created a phony quotation to make a story more saleable" and "[t]o Michael Leidig's knowledge, no one else at CEN has created a fake news story nor knowingly reported a fake news story and sold it as real, nor has anyone at CEN created a phony quotation to make a story more saleable," BuzzFeed submits no evidence at all, stating only "Buzzfeed disputes the allegations … and requires additional discovery pursuant to Rule 56(d)." ("Response of Defendant BuzzFeed, Inc. to 'Plaintiffs' Rule 56.1 Statement of Facts as to Which there is No Issue,' In Support of Plaintiffs' Motion for Partial Summary Judgment," D.E. # 29, ¶¶ 27, 28).

Lacking its own evidence, BuzzFeed disparages plaintiffs', calling Mr. Leidig's declaration "self serving." (Defendant's Memorandum in Opposition, D.E. # 27, p. 12). This is name-calling without significance. "Most affidavits are self-serving, as is most testimony." *Wilson v. McRae's, Inc.,* 413 F.3d 692, 694 (7th Cir., 2005)(Easterbrook, J.). "[A] party's own affidavit, containing relevant information of which he has first-hand knowledge, may be self-serving, but it is nonetheless competent to support or defeat summary judgment." *Santiago-Ramos v. Centennial P.R. Wireless Corp.,* 217 F.3d 46, 53 (1st Cir. 2000), *quoting Cadle Co. v. Hayes,* 116 F.3d 957, 961 n. 5 (1st Cir. 1997); *see* 11 Moore's Federal Practice (3d Ed.) § 56.94[3] at pp. 56-225-27 (2015).

Mr. Leidig's declaration discusses the sources for the various stories, and points out how the BuzzFeed story was false in various ways. (*e.g.* ¶ 29: "[T]abloid-type stories have always been part of CEN's business, pre- and post-9/11.")

Mr. Hansen conveys the personal knowledge of what he found on Russian internet sites—postings showing that the story about two Russian women who suffered unfortunate consequences after posing nude on a city sidewalk was reported widely in Russian media—giving the lie to BuzzFeed's assertion that CEN made the story up.

The Hansen declaration has two exhibits showing the story as published by others, including one in which the photographer quoted in the BuzzFeed piece (Mr. Oryx) is shown in the photo, proving he didn't shoot all the photos in question. The internet addresses of the two sites where those exhibits are found are as follows:

> http://www.ntv.ru/novosti/1370017
>
> http://www.everyjoe.com/2015/03/24/girls/alina-zotova-lika-ignatyeva-uncensored-nude-photos-russia/#1

A third site showing publication of the story in Russian media is

6

http://dok20580.livejournal.com/1759469.html

This is an interview with one of the women, who says the photos that were published on the web were taken by a passerby (not Mr. Oryx), and that her friend and co-model lost her job as a result—exactly what CEN reported. As set forth in Plaintiff's Memorandum of Law in opposition to BuzzFeed's motion to strike the Hansen declaration, this Court can take judicial notice that the story was reported on these sites, and thus that the BuzzFeed assertion is false. *See, e.g., Patsy's Italian Rest., Inc., v. Banas,* 575 F. Supp.2d 427, 443 n.18 (E.D.N.Y. 2008), *aff'd,* 658 F.3d 254 (2d Cir. 2011).

Faced with the evidence that its libelous assertion was false, BuzzFeed, through, counsel, attempts to tiptoe away from what its story actually said. BuzzFeed counsel claims its story was correct as to this particulaer charge because, she says, "CEN attributed the photograph to the wrong photographer, the women identified in the story did not work where CEN's story claimed they did, and their names were incorrect." (Bolger Declaration, D.E.# 29, ¶ 15). Ms. Bolger ignores the libelous "sting" of what BuzzFeed actually wrote, which accused plaintiffs of using photographs it had no right to use and making up a false story around them. It is this defamatory accusation that is shown to be false by Mr. Hansen's proof, including information on the web.

BuzzFeed also fails to note that plaintiff's initial document production included the source material for every story discussed in the BuzzFeed piece. (Leidig Reply Dec., ¶¶ 8-9). The documents are viewable online, on a Dropbox site:

https://www.dropbox.com/sh/zz2wk1krcgeffg6/AADuyjCyllDlUyhwL6Gg9hzba?dl=0[2]

---

[2] Because the address this site will be on these public documents, a password has been added and furnished to defense counsel.

7

As another example of falsity, another web address contained in the produced documents shows the falsity of the snide implication in the BuzzFeed piece that a photograph of an x-ray in a CEN story out of China about a man who got a disease called disseminated cysticercosis from eating too much sashimi was actually from a British Medical Journal article about a man who had gotten the disease from uncooked pork. (Complaint, ¶ 38). The address shows a Chinese television broadcaset of the story CEN reported—complete with x-rays.
http://hk.on.cc/cn/bkn/cnt/news/20140922/bkncn-20140922035209453-0922_05011_001.html

Thus, this is not a case where plaintiffs are just submitting a "benign denial," or a "bland cryptic claim of falsity," *see Celle, supra,* 209 F.3d at 188, it is a case where plaintiffs have submitted ample proof to show that the libel of them was false, and defendant has now admitted that it has not a shred of evidence to support its scurrilous allegations.

Point III

DEFENDANT HAS NO EVIDENCE THAT
PLAINTIFFS ARE PUBLIC FIGURES

Despite defendant's having pleaded, apparently reflexively, that plaintiffs are public figures, it is now clear that defendant has no evidence supporting that affirmative defense. The very cases cited by defendant show the invalidity of their assertion. The plaintiff in *Adler v. Conde Nast Publ'ns, Inc.,* 643 F. Supp. 1558 (S.D.N.Y. 1968), was Renata Adler, a famous author whose writings, the court found, had "generated immense controversy." 643 F. Supp. at 1564. The plaintiff in *Farber v. Jefferys,* 103 A.D.2d 514, 959 N.Y.S.2d 486 (1st. Dep't 2013), was an author who "through her publication of countless articles…voluntarily injected herself into the controversial debate on whether HIV causes AIDS with a view toward influencing the

8

debate." 103 A.D.2d at 515, 959 N.Y.S.2d at 487. The plaintiff in *Maule v. NYM Corp.,* 54 N.Y.2d 880, 444 N.Y.S.2d 909, 429 N.E.2d 416 (1981), was Tex Maule, one of the best-known writers at Sports Illustrated for decades, who had written 28 books and appeared on television shows including the *Today Show,* and was listed both in *Who's Who in the East,* and *Who's Who in America,* and whose "craft" was designed to "project his name and personality before millions of readers of nationally distributed magazines and millions of television's viewers... ." 54 N.Y.2 at 882, 444 N.Y.S.2d at 911, 429 N.E.2d at 416.

Mr. Ledig, who set forth his background in his original Declaeration in support of this motion (D.E.#18, ¶¶ 3-7) is nowhere close to that league, and, in addition, defendant offers no theory of how the company, CEN, could be held to be a public figure.

With no evidence, defendant relies simply on naked assertion: plaintiffs have "invited comment about their role in the controversy surrounding 'fake news' and 'viral news.'" (Defendant's Memorandum, p. 17)(asserted with no reference to evidence). "Plaintiff's access to channels of communication" it is argued, with no evidence, "cannot be doubted." (*Id.*). Defendant argues that plaintiffs "plead they [sic] wrote a book about BuzzFeed about this dispute." (*Id.*).

In reply, Mr. Leidig admits that he did write such a book, and self-published it on Amazon. It has sold, over the past year, 11 copies. (Leidig Reply Dec., ¶ 10 and Ex. A).

Point IV

ANY ALLOWED DISCOVERY
SHOULD BE LIMITED

It is clear what defendant is trying to do with discovery. It claims it plans to seek not just information about the preparation of the CEN stories it attacked in its story, but also concerning whether "any of Plaintiffs' other stories have proved to be false or inaccurate." (Defendant's

9

Memorandum, p. 10). This would involve examining the preparation of thousands of stories (CEN produces about 8,000 stories a year—Leidig Reply Dec., ¶ 5). It's document demand requests, among other things, ten years of communications with all CEN clients. (Bolger Dec., Ex. 3, ¶ 6(bbb)). Nothing could be more of a "fishing expedition," *G-I Holding, Inc. v. Baron & Budd,* 218 F.R.D. 409, 415 (S.D.N.Y. 2003)(Sweet, J.), and such over-the-top discovery should not be allowed.

## Conclusion

Because BuzzFeed's publication of and concerning plaintiffs, Michael Leidig and Central European News Ltd., charges them with dishonesty in their business and profession, it should be found to be libelous as a matter of law. Because BuzzFeed has not come forward with any admissible evidence supporting that charge on this motion, the publication should be found false as a matter of law. Because BuzzFeed has no evidence that either plaintiff has joined a public controversy and assumed a place of prominence in it, they should be held not to be "public figures" as a matter of law. Any request for discovery to oppose this motion should be denied, but, if granted, should not allow BuzzFeed to demand documents including all articles or communications over a ten-year period, as it requests, but should be limited to information concerning the stories discussed in the BuzzFeed article and related issues.

s/Harry H. Wise, III
Harry H. Wise, III
*Attorney for Plaintiffs*
LAW OFFICE OF HARRY H. WISE, III
43 West 43rd Street, suite 109
(212) 709-8034
hwiselaw@aol.com

10