

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/4/17
```

**LEVINE SULLIVAN KOCH & SCHULZ, LLP**

321 West 44th Street
Suite 1000
New York, NY 10036
(212) 850-6100 | Phone
(212) 850-6299 | Fax

Katherine M. Bolger
(212) 850-6123
kbolger@lskslaw.com



March 31, 2017

**VIA HAND DELIVERY**

Hon. Victor Marrero
United States Courthouse
Southern District of New York
500 Pearl Street
Courtroom 11B
New York, NY 10007

  Re: *Michael Leidig and Central European News Ltd v. BuzzFeed, Inc.*, Case No. 1:16-cv-00542 (S.D.N.Y.)

Dear Judge Marrero:

  We represent defendant BuzzFeed, Inc. ("BuzzFeed") in the above-referenced action and we write to request that this Court execute the enclosed Letter of Request that seeks evidence pursuant to the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters.

  Enclosed please find three (3) copies of the Letter of Request addressed to the Senior Master in London, attached hereto as Exhibit A. This Letter of Request seeks testimony and documents from two witnesses in the United Kingdom. Specifically, the Letter of Request seeks documents from Progressive Media International Ltd., owner of the Press Gazette, and related testimony from its Editor Dominic Ponsford (together, the "Media Witnesses"), concerning an article published by the Press Gazette on April 24, 2015 (the "Press Gazette Article"), a copy of which is attached hereto as Exhibit B.

  By way of background, Plaintiffs brought this defamation action over an article that was published by BuzzFeed (the "BuzzFeed Article"), which addressed the recent phenomenon of "viral" or "fake" news and questions the accuracy of a number of articles that were sold by Plaintiffs — a news agency and its founder — to news outlets in the U.S. and U.K. Prior to its publication, BuzzFeed reached out to Plaintiff Michael Leidig for comment on the allegations that would be addressed in the BuzzFeed Article. Aware of the allegations that would be addressed by BuzzFeed, and before the BuzzFeed Article was published, Mr. Leidig then spoke to the Press Gazette in an attempt to rebut BuzzFeed's forthcoming claims about the accuracy of Plaintiffs' news stories. Notably, in response to BuzzFeed's First Requests for Admission (the

**LEVINE SULLIVAN KOCH & SCHULZ, LLP**

Hon. Victor Marrero
March 31, 2017
Page 2

"RFAs"), Plaintiffs conceded that Mr. Leidig was a source for the Press Gazette Article. Copies of BuzzFeed's RFAs and Plaintiffs' responses are attached hereto as Exhibit C.

With this backdrop in mind, the Letter of Request seeks discovery that is highly relevant to this action. As an initial matter, BuzzFeed seeks evidence from the Media Witnesses concerning Plaintiffs public figure status. As this Court may be aware, whether Plaintiffs are considered private figures or public figures determines the level of fault they must establish as an element of their libel claims. The Supreme Court has reasoned that this rule is proper, in part, because "public figures usually enjoy significantly greater access to the channels of effective communication and hence have a more realistic opportunity to counteract false statements than private individuals normally enjoy." *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 344 (1974). Thus, in this Circuit, one of the main factors to determine a defamation plaintiff's limited purpose public figure status is their "access to the media." *Lerman v. Flynt Distrib. Co.*, 745 F.2d 123, 136-37 (2d Cir. 1984). Here, Plaintiffs' communications with the Media Witnesses about BuzzFeed's claims will establish Plaintiffs' meaningful and continuing access to the media to rebut any allegations they believe are false and defamatory — the very crux of a court's public figure analysis.

In addition, as set forth in more detail in BuzzFeed's Memorandum of Law in Opposition to Plaintiffs' Motion for Partial Summary Judgment and in Support of its Motion to Compel, Dkt. No. 27, it is Plaintiffs' burden to establish the material falsity of the BuzzFeed Article. *Celle v. Filipino Reporter Enters. Inc.*, 209 F.3d 163, 182, 188 (2d Cir. 2000). Alternatively, if BuzzFeed is able to establish that the BuzzFeed Article is substantially true, Plaintiffs' claim will fail as a matter of law. Here, the BuzzFeed Article challenges the accuracy of Plaintiffs' stories as well as Plaintiffs' newsgathering practices more generally. To meet their burden as to falsity, therefore, Plaintiffs will have to prove that their stories are in fact truthful and their newsgathering efforts are sufficient to provide accurate copy to their clients. As is relevant here, Mr. Leidig's statement to Mr. Ponsford prior to publication of the Press Gazette Article purportedly concerned "details of [CEN's newsgathering] methods," which is relevant to establishing the substantial truth of the BuzzFeed Article.

Finally, the requested evidence from the Media Witnesses is material to Plaintiffs' alleged damages, including both the "significant amount of business" purportedly lost as a result of the claims made in the BuzzFeed Article, as reported in the Press Gazette Article, and their potential to mitigate any alleged damages by publicly challenging BuzzFeed's claims in the Press Gazette Article.

For all of these reasons, Mr. Ponsford and Progressive Media International Ltd. possess documents and can provide testimony that is pertinent to dispositive issues in this litigation. Because the Letter of Request seeks discovery that is relevant to this action within the meaning of Federal Rule of Civil Procedure 26, we respectfully request that this Court please sign, date, and place the Court's seal or stamp on the final page of this Letter of Request. Once this Court



**LEVINE SULLIVAN KOCH & SCHULZ, LLP**

Hon. Victor Marrero
March 31, 2017
Page 3

has executed the Letter of Request, we will send the signed originals to the relevant authorities in the United Kingdom.

Further, because of the pending July 14, 2017 cutoff for all depositions, BuzzFeed respectfully requests that this Court sign the Letter of Request as soon as possible so that we can submit it to the authorities in the United Kingdom expeditiously. We remain available at the Court's convenience should Your Honor instead require a conference on the matter.

Thank you for your consideration.

Sincerely,

LEVINE SULLIVAN KOCH & SCHULZ, LLP

By: *Katherine M. Bolger*
Katherine M. Bolger

cc:   Harry H. Wise, III (via electronic mail)

---

The parties are directed to address the matter set forth above to Magistrate Judge *Gabriel Gorenstein*, to whom this dispute has been referred for resolution, as well as for supervision of remaining pretrial proceedings, establishing case management schedules as necessary, and settlement.

**SO ORDERED.**

4-3-17
Date

VICTOR MARRERO, U.S.D.J.